**Dianna PEHRSON, Plaintiff,**

v.

**Kevin W. CONCANNON, et al., Defendants.**

**Civ. A. No. 84–0235 P.**

United States District Court, D. Maine.

April 23, 1985.

Richard Poulos, John S. Campbell, Portland, Me., for plaintiff.

Linda S. Crawford, Asst. Atty. Gen., Augusta, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER ACCEPTING MAGISTRATE'S RECOMMENDED DECISION

GENE CARTER, District Judge.

This is a three-count action brought by the plaintiff mother on her own behalf and on behalf of her minor daughter against state officials of the Maine Department of Mental Health and Mental Retardation, based on defendant officials' actions in attempting to gain access to the medical records of plaintiff's daughter.

In early 1983 plaintiff, an American Indian, enrolled her daughter, here referred to as Jane Doe, in Elan, a private residential school. Upon admission an agreement was executed whereby Elan agreed to comply with federal law and keep all of Jane's records strictly confidential. In January, 1984 Jane wrote a letter to U.S. Representative Olympia Snowe's office making abuse allegations against Elan. At some later date Jane wrote a subsequent letter to Representative Snowe's office indicating she did not intend to pursue the matter further. Ms. Snowe's office contacted the plaintiff regarding the letters and plaintiff expressed her desire that Jane not be contacted. A representative from Ms. Snowe's

office later attempted to contact Jane but was denied contact by Elan.

In April, 1984 the defendant officials from the State Department of Mental Health and Mental Retardation requested that Elan allow them to speak to Jane. Elan refused to allow contact. Plaintiff phoned defendant Ellis and expressed her desire that her daughter not be contacted by state officials. In May 1984 defendant officials requested access to Jane's records at Elan. Elan stated that it must refuse this request unless plaintiff consented or defendants stated in writing the basis for the request, its purpose, and the scope of the inspection. In July, 1984 defendant officials made repeated requests to examine Jane's records. All requests were refused.

Plaintiff claims violation of federal confidentiality provisions governing drug and alcohol treatment records (42 U.S.C. §§ 290dd–3(a), 290ee–3(a)[1]), infringement upon plaintiff's parental rights as protected by the Fourteenth Amendment, and infringement upon the Fourth Amendment, Due Process, and Equal Protection rights of plaintiff mother, her daughter, and Elan.

The Magistrate found that the basis of the lawsuit was plaintiff's contention that, "On information and belief, defendants intend to take adverse actions in the immediate future against Elan, plaintiff or plaintiff's child on the basis of the refusal to produce confidential treatment records." He concluded that, "This allegation of some undefined future action by the defendants which is not based upon direct knowledge but only information and belief,

with no specification of what it is the defendants might do to the mother or daughter, does not create a sufficiently concrete controversy to sustain this court's jurisdiction." The Magistrate recommended that the complaint be dismissed. This action is presently before the Court on plaintiff's objection to the Recommended Decision of the Magistrate.

Plaintiff objects to the Magistrate's ruling on the grounds that: plaintiff sought damages for past unconstitutional state action as well as prospective declaratory and injunctive relief; the alleged threatened state action is sufficient to give rise to a case or controversy; and defendants' counsel's statement during litigation, that they would continue to seek plaintiff's daughter's confidential records, supplements plaintiff's allegations of threatened state action.

### A. *Claim of Damages for Past Action*

■ Although plaintiff summarily states that her claim for past damages states a cause of action which is ripe, the facts of this case, and the cases cited by plaintiff, do not support this proposition. The complaint makes clear that there has not yet been a breach of confidentiality as prohibited by the federal provisions. Elan has consistently refused to provide any information on plaintiff's daughter to the defendant officials without plaintiff's consent. Therefore, even if a private cause of action were created under 42 U.S.C. §§ 290dd–3 and 290ee–3, since no violation of these confidentiality provisions has occurred there can be no cause of action under their provisions.

---

1. Section 290dd–3(a) provides:

   Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to alcoholism or alcohol abuse education, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

Section 290ee–3(a) provides:

Records of the identity, diagnosis, prognosis, or treatment of any patient are maintained in connection with the performance of any drug abuse prevention function conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e) of this section, be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

**592**

■ Plaintiff also claims past damages under Counts II and III of her complaint, which allege infringement of her parental rights and the Fourth Amendment, Equal Protection and Due Process Rights of plaintiff, her daughter and Elan. Since Elan is not a party, any injury to its rights is irrelevant to this action.

■ To state a case or controversy under Article III plaintiffs must allege some threatened or actual injury which is real and immediate. *O'Shea v. Littleton,* 414 U.S. 488, 493–94, 94 S.Ct. 669, 674–65, 38 L.Ed.2d 674 (1974); *Warth v. Seldin,* 422 U.S. 490, 507–08, 95 S.Ct. 2197, 2209–10, 45 L.Ed.2d 343 (1975); *Roe v. Wade,* 410 U.S. 113, 128, 93 S.Ct. 705, 714, 35 L.Ed.2d 147 (1973); *Coombs v. Town of Ogunquit,* 578 F.Supp. 1321 (Me.1984). The past futile actions of the defendants to obtain Jane Doe's records cannot be said to have actually injured plaintiff or her daughter. Although the courts have often recognized the general importance of a parent's interests in the custody and control of their child, *see Santosky v. Kramer,* 455 U.S. 745, 755, 102 S.Ct. 1388, 1395, 71 L.Ed.2d 599 (1982); *Parham v. J.R.,* 442 U.S. 584, 603–05, 99 S.Ct. 2493, 2504–06, 61 L.Ed.2d 101 (1979); *Whelehan v. County of Monroe,* 558 F.Supp. 1093 (W.D.N.Y. 1983), plaintiff has pointed to no precedent which would indicate that the courts would recognize a cause of action for infringement of parental rights based on a state agency's unsuccessful attempts to obtain a child's medical records from a private hospital. Such an alleged infringement or injury is ephemeral and cannot sustain jurisdiction.

B. *Claim for Declaratory and Injunctive Relief from Future Actions*

■ Plaintiff contends that her claim for injunctive relief, to prevent defendants from continuing to attempt to obtain the medical records of plaintiff's daughter, and for declaratory relief, to declare Maine regulations which purportedly conflict with the federal statute unconstitutional, present a ripe case and controversy. To state a true

case or controversy plaintiff must allege an actual or threatened injury which is real and immediate and not conjectural or hypothetical. *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974); *Coombs v. Town of Ogunquit,* 578 F.Supp. 1321 (Me.1984). Plaintiff states that her threatened injury is that "there is every indication that the State intends to continue its efforts to obtain Jane Doe's confidential records without complying with the federal confidentiality statute." Plaintiff's Memorandum in Support of Plaintiff's Objections at 11. To constitute a threatened injury to plaintiff the court must also assume that defendants' attempts would be successful.

Perhaps recognizing the questionable nature of her threatened injury, plaintiff asserts that it meets the relaxed case and controversy requirements stated in *Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 301–03, 99 S.Ct. 2301, 2310–11, 60 L.Ed.2d 895 (1979). However, *Babbitt* (and all the other cases cited by plaintiff) provides only that where a party is faced with an actual threat of prosecution for performing an illegal act they may challenge the validity of the ordinance or statute which makes the activity illegal even though they have not yet violated the law. Clearly these cases provide no support for plaintiff's claim. Plaintiff is not threatened with prosecution. Plaintiff has no desire to perform an illegal act. Rather, plaintiff is concerned that upon the insistent urgings of defendants Elan will not continue to obey federal law. Elan has repeatedly stated they will follow federal confidentiality requirements and have entered a contract with plaintiff stating that they will preserve the confidentiality of Jane Doe's records. Under such circumstances plaintiff's claim of a threatened injury is, at least at this juncture, conjectural and hypothetical. It does not create a case or controversy upon which this court may exercise its jurisdiction.

The Court has conducted a *de novo* review of those portions of the Magistrate's Recommended Decision objected to by

plaintiff. 28 U.S.C. § 636(b). Accordingly, it is ORDERED that the Recommended Decision of the Magistrate be, and is hereby, ACCEPTED. Defendant's Motion to Dismiss is hereby GRANTED.

SO ORDERED.