**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY,**
Plaintiff,

v.

**SOO LINE RAILROAD COMPANY, Defendant.**

No. 89 C 7605.

United States District Court, N.D. Illinois, E.D.

July 5, 1990.

448

James P. Daley, Ronald J. Cuchna, Stuart F. Gassner, Myles L. Tobin, Robert T. Opal, Chicago and North Western Transp. Co., Chicago, Ill., for plaintiff.

James S. Whitehead, Linzey D. Jones, Sidley & Austin, Chicago, Ill., Terence M. Hynes, Joseph R. Guerra, Martin L. Stern, Nancy A. Temple, Sidley & Austin, Washington, D.C., Patrick J. McPartland, Soo Line R. Co., Minneapolis, Minn., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Chicago and North Western Transportation Company ("CNW") filed this diversity action seeking to prevent defendant Soo Line Railroad Company ("Soo") from breaching five separate agreements between CNW and Soo. Those five agreements govern the use of certain railroad lines located in the Midwest. CNW's complaint, which seeks both declaratory and injunctive relief, alleges that Soo has committed an anticipatory breach of the CNW–Soo agreements by entering into three other agreements in which Soo purports to transfer certain of its rights under the CNW–Soo agreements to SKCC Acquisition Corp. ("SKCC").

Soo contends the undisputed facts demonstrate that its proposed transactions with SKCC do not breach the CNW–Soo agreements in any way. CNW also argues that based on the undisputed facts, it is entitled to judgment as a matter of law. Therefore, CNW and Soo have filed cross-motions for summary judgment. For the reasons stated herein, both motions for summary judgment are denied. This case is dismissed for failure to present a justiciable controversy.

Article III of the Constitution limits a district court's jurisdiction to those complaints that allege an actual "case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983). To satisfy the "case or controversy" requirement, a plaintiff must allege that he "has sustained or is immediately in danger of sustaining some direct injury." *Id.* at 102, 103 S.Ct. at 1665 (citations omitted). "Abstract injury is not enough.... [The] threat of injury must be both 'real and immediate,' not 'conjectural'

or 'hypothetical.'" *Id.* at 101–02, 103 S.Ct. at 1665 (citations omitted). Where a plaintiff's claim is based on some future injury, the court must "pay particular attention to the likelihood that the harm alleged ... will ever come to pass." *United Steelworkers of America v. Cyclops Corp.*, 860 F.2d 189, 194 (6th Cir.1988). A case is not ripe for review if the injury to plaintiff is based on future events which are not likely to occur as anticipated, or may not even occur at all. *Id. See also Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 3332–33, 87 L.Ed.2d 409 (1985) (citing 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)).

 Where declaratory and injunctive relief is sought, the court must determine whether plaintiff's allegations set forth a foundation for granting such relief. "[I]njunctive relief is not appropriate to prevent the possible occurrence of an event at some indefinite future time." *Janowski v. International Brotherhood of Teamsters*, 673 F.2d 931, 940 (7th Cir.1982), *vacated on other grounds*, 463 U.S. 1222, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983). Declaratory relief should not be granted unless the alleged controversy is "of sufficient immediacy and reality" to justify such relief. *Detroit, Toledo, and Ironton Railroad Co. v. Consolidated Rail Corp.*, 767 F.2d 274, 279 (6th Cir.1985) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).

 In the instant case, CNW does not claim that it has suffered any present injury; the complaint alleges that CNW *will* suffer harm *if* the CNW–SKCC transactions are consummated. The complaint further alleges that the Soo–SKCC agreements must be approved by the Interstate Commerce Commission ("ICC") before they can take effect, and that proceedings are currently pending before the ICC in which

Soo and SKCC seek ICC approval of the Soo–SKCC transactions.[1] Thus, although the Soo–SKCC agreements have been fully executed, the agreements may never go into effect if they do not receive ICC approval. In the absence of ICC approval, CNW will not suffer the injury on which its complaint is based.

Moreover, the likelihood that the ICC will approve of the Soo–SKCC transactions does not appear great. CNW has participated in the proceedings before the ICC in attempt to persuade the ICC to reject the applications seeking approval of the Soo–SKCC transactions. Although the ICC rejected CNW's request for summary denial of the applications in a decision dated November 13, 1989, the ICC expressed serious concerns as to whether the Soo–SKCC transactions will ever be approved as they currently stand. The ICC concluded its November 13 decision by stating:

> [A]lthough the applications reveal some severe legal obstacles to the proposed transaction, we do not believe that a summary denial is warranted at this time. We wish to impress upon applicants, however, that if they are to prevail, they must address and overcome the difficulties we have noted in this decision, not only with respect to the line segments discussed, but with respect to all segments exhibiting similar problems.

*Rio Grande Industries, Inc., et al.—Purchase and Related Trackage Rights—Soo Line Railroad Company Line between Kansas City, MO. and Chicago, IL,* Finance Docket No. 31505, Decision No. 6 at 13 (November 13, 1989).

In light of the foregoing, the court finds that the instant action does not present a justiciable controversy which is ripe for review at this time. CNW argues that this case is properly before the court because the ICC has expressly recognized that the issue presented by the instant complaint— whether the Soo–SKCC agreements breach the CNW–Soo agreements—is a matter of

---

1. The applications for ICC approval of the Soo–SKCC transactions were made pursuant to 49 U.S.C. §§ 11341–11345. The applications were filed collectively by Soo, SKCC, SKCC's parent corporation, Rio Grande Industries, Inc.

("RGI"), RGI's three affiliates—Southern Pacific Transportation Company, The Denver and Rio Grande Western Railroad Company, and the St. Louis Southwestern Railway Company.

contract interpretation which can only be resolved by the courts, not the ICC. However, no court may ever have to grapple with that issue if the ICC does not approve of the Soo–SKCC transactions. Therefore, any injury which CNW may suffer as a result of the Soo–SKCC agreements is purely speculative at this time. Of course, if the ICC issues its approval of the Soo–SKCC agreements, and such approval becomes final, then CNW's alleged injury would be concrete, palpable, and redressible in a federal action. But in the absence of ICC approval, this action is premature.

The court further finds that since any decision by the ICC would be directly appealable to the Seventh Circuit, *see* 28 U.S.C. §§ 2321(a), 2342(5) & *Railway Labor Executives' Association v. Interstate Commerce Commission,* 894 F.2d 915, 916–17 (7th Cir.1990), the proper course of action here is to dismiss this case rather than hold the case in abeyance pending a ruling from the ICC. In *Detroit, Toledo and Ironton Railroad Co., supra,* the Seventh Circuit acknowledged that where a federal action is filed involving transactions within the general scope of an agency's jurisdiction, there is "no purpose to be served by holding such an action in abeyance in a district court while the agency proceedings [are] completed and the review processes exhausted. 'A similar suit is easily initiated later, if appropriate.'" 767 F.2d at 279 (citing *Far East Conference v. United States,* 342 U.S. 570, 577, 72 S.Ct. 492, 495, 96 L.Ed. 576 (1952)). Although dismissal of the federal case may not be appropriate if it would result in prejudice to the plaintiff, *see id.* at 280, the court finds that in the instant case CNW will suffer no prejudice from the dismissal of this case since the related proceedings before the ICC may resolve the issues presented herein. Accordingly, this case is dismissed.

IT IS SO ORDERED.