REPUBLIC OF PANAMA, Plaintiff,

v.

LEXDALE, INC., a Delaware corporation, Aero Systems Aviation Corp., a Florida corporation, ASSI, Inc. f/k/a Air Support International, Inc., a Colorado corporation, Palmetto Services, Inc., f/k/a Regulus of Florida, Inc., a Florida corporation, and Official Airline Guides, Inc., a Florida corporation, Defendants.

No. 91–1468–CIV.

United States District Court, S.D. Florida.

Feb. 28, 1992.

---

Mark A. Cohen, Miami, Fla., for plaintiff.

Thomas E. Scott, Miami, Fla., for defendant Lexdale Inc.

## ORDER OF DISMISSAL

MORENO, District Judge.

THIS CAUSE came before the Court upon defendant Lexdale, Inc.'s Motion to Dismiss for Lack of a justiciable case or controversy. The court heard oral argument on defendant's motion. After reviewing the complaint, motion to dismiss and responsive memoranda, and considering the argument of the parties, the court grants Lexdale's motion to dismiss for the following reasons.

### I. Facts and Procedural History

Air Panama International, S.A. is a Panamanian corporation whose majority shareholder is the Government of Panama. Air Panama leased a Boeing 727 passenger jet aircraft owned by defendant Lexdale, Inc. When the lease expired, Air Panama at first refused to return the plane, but it was eventually retrieved in a damaged condition. Lexdale sued Air Panama to recover the costs of repairing the aircraft and was awarded a default judgment in the amount of approximately $2,700,000 on September 8, 1989.

Shortly after Lexdale commenced suit against Air Panama, President Reagan entered Executive Order 12635 declaring a national emergency with respect to Panama. See 53 Fed.Reg. 12134. Pursuant to the Executive Order, the United States blocked all property and interests in property in the United States belonging to the government of Panama, including assets owned by agencies, instrumentalities, and controlled entities. Id. According to regulations promulgated under the authority of the Executive Order, Air Panama is an entity of the Government of Panama. 31 C.F.R. § 565.303 and appendix A.

The Office of Foreign Asset Control (OFAC) oversees the operation of the executive blocking order on all Panamanian assets. No property or interests in property of the Government of Panama in the United States may be transferred without an express license from OFAC. 31 C.F.R. § 565.201(a). A transfer means, inter alia, the issuance, docketing, filing, or the levy of or under any judgment, decree, attachment, injunction, execution, or other judicial or administrative process or order. Id. § 565.308.

During the pendency of its suit against Air Panama, Lexdale sought and obtained a license from OFAC to continue pursuing the action short of recording or enforcing any judgment in its favor. On March 3, 1989 the chief of licensing at OFAC granted a conditional license to Lexdale, authorizing any transaction in connection with the suit against Air Panama, but forbidding the docketing, payment or enforcement of any judgment with respect to any property in which the Government of Panama has an interest.

The circuit court judge denied Air Panama's Motion to set aside the final default judgment on November 28, 1990. The circuit court also denied Air Panama's motion for rehearing of its order denying the motion to set aside on May 7, 1991. On July 10, 1991 the Republic of Panama filed its complaint for declaratory relief before this court.

### II. The Complaint

Plaintiff Republic of Panama seeks a declaratory decree that it is not legally responsible for the debts or obligations of

Air Panama. Panama contends that under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611, Panama and Air Panama are separate juridical entities, and therefore Panama is not liable for Air Panama's debts. As an agency or instrumentality of a foreign state, Air Panama is accorded a presumption of independent status.

Panama maintains that if Panama has not abused the corporate form by which Air Panama exists as a separate juridical entity, then it is not liable for the debts or obligations of Air Panama. Panama acknowledges that Lexdale obtained a final judgment in the principal amount of approximately $2,700,000 against Air Panama.

Because Lexdale has applied to OFAC for a license to collect its judgment from the assets of the Government of Panama in the United States, Panama asserts that the matter is ripe for declaratory relief. As manifestations of injury, Panama argues that it is unable to persuade the United States government to lift the executive blocking order on account of Lexdale's pursuit of their assets. Panama contends that OFAC will not issue a license to Lexdale until this court determines who is legally responsible between Panama and Air Panama for Lexdale's judgment against Air Panama. As a result, according to Panama, $300 million dollars in Panamanian assets will not be released because Lexdale is trying to enforce its judgment which now amounts to approximately $3,300,000.

### III. Discussion and Analysis

Defendant Lexdale moves to dismiss for lack of a justiciable controversy. Lexdale maintains that no case or controversy exists until it may actually execute against the assets of Panama. Until Executive Order 12635 is repealed or a license is granted by OFAC, Lexdale may not try to enforce its judgment against the assets of Panama. Because Lexdale cannot enforce its judgment against Panama, even though it has applications for a license pending before OFAC, it argues that no actual case or controversy exists.

In short, Lexdale argues that where injury to the plaintiff is dependent on the discretionary acts of a third party, a matter is not sufficiently ripe to constitute an actual case or controversy. Alternatively, Lexdale moves for a stay until the Executive blocking order is lifted or OFAC grants a license to attempt execution of its judgment against assets of the Republic of Panama.

It is fundamental that a court may only issue a declaratory judgment where there is an actual case or controversy. 28 U.S.C. § 2201; *Wolfer v. Thaler,* 525 F.2d 977, 979 (5th Cir.1976). The question for justiciability in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). From the allegations in the complaint, there is clearly a substantial controversy between Lexdale and Panama who are parties with adverse legal interests. The issue is whether that controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Panama relies on *Maryland Casualty, supra,* to support its allegation that this matter is ripe for judicial review. In *Maryland Casualty,* the declaratory judgment plaintiff had issued a conventional automobile liability insurance policy in which it agreed to indemnify the insured. The plaintiff additionally agreed to defend the insured against any action covered by the policy. While an action was pending in state court against its insured, the insurance company sued for a declaratory decree that it had no duty to defend or indemnify.

The United States Supreme Court found that there was an actual controversy between the insurance company and its insured in part because the insured claimed that the policy provided coverage and the injured plaintiff had a statutory right to proceed against the insurer if he received a

final judgment and the insured failed to satisfy that judgment within thirty days of entry. *Id.*

In this matter there is no indication of a contract between Air Panama and Panama requiring Panama to defend any action brought against Air Panama or to indemnify Air Panama for any of its liabilities. There is no allegation that Air Panama claims Panama is responsible for its debts and obligations. Moreover, Panama has not alleged or shown any statutory right that would authorize Lexdale to proceed against Panama if Air Panama fails to satisfy the final judgment. The facts of *Maryland Casualty* are clearly distinguishable from the matter before this court.

█ Instead of a statutory right, Lexdale may only seek to enforce its judgment against the assets of Panama if OFAC grants a license or the president retracts Executive Order 12635. Despite Panama's assertion to the contrary, it will only suffer harm by attachment of its assets if and when OFAC issues Lexdale a license to proceed or Executive Order 12635 is repealed. Panama's contention that the United States government will not release all of its assets on account of Lexdale's judgment is mere speculation.

█ Where harm to the declaratory judgment plaintiff can only be caused by the discretionary acts of a third party, the matter is premature for judicial resolution. *Halder v. Standard Oil Co.*, 642 F.2d 107 (5th Cir.1981). In *Halder*, a gas station franchisee sued the franchisor seeking to prevent termination of a lease and to bar the state government from paying condemnation proceeds to the franchisor if the state acquired the property through its power of eminent domain. The state had already proposed to condemn the property.

Notwithstanding the state of Georgia's announced intention to condemn the property, the Fifth Circuit held that the matter had not ripened into an actual case or controversy because the complaint was founded on events which might not occur. *Id.* at 110. The state may or may not have condemned the property. Only if the state condemned the property and the franchisor

failed to apportion the condemnation proceeds fairly, would the franchisee's claim have been ripe for review. *Id.*

It is difficult to see how this case differs from *Halder*. Here, the harm that Lexdale might cause by attachment of Panama's property, will only come to pass if third party OFAC issues a license to Lexdale or if third party President of the United States lifts the blocking order. These acts are completely within the discretion of the third parties. Lexdale cannot force the occurrence of these preconditions to execution of its judgment.

Any injury that Panama might suffer as a result of Lexdale's pursuit of its assets to satisfy the judgment against Air Panama is purely speculative at this time. *Chicago and North Western Trans. Co. v. Soo Line R. Co.*, 739 F.Supp. 447, 450 (N.D.Ill.1990). If OFAC issues a license authorizing Lexdale and other judgment creditors to pursue execution of their judgment against the property of Panama in the United States, then Panama's alleged injury would be of sufficient immediacy to warrant declaratory relief. Only then would the determination of whether Panama is legally responsible for the debts and obligations of Air Panama be properly before this court. Accordingly, it is

ADJUDGED that this matter is DISMISSED for lack of a justiciable case or controversy. Based on the representations of counsel for Lexdale, it is further

ADJUDGED that Lexdale will notify Panama when a license from OFAC has been issued to seek execution against assets from the Government of Panama. The court ORDERS Lexdale to notify Panama sufficiently in advance of seeking execution and to accept service of process on an emergency basis in the event Panama renews its complaint for declaratory relief.

DONE AND ORDERED.