INTERSTATE FOOD PROCESSING CORPORATION, Plaintiff,

v.

STATE OF MAINE, Defendant.

Civ. No. 93–0083–B.

United States District Court, D. Maine.

June 23, 1993.

Peter Bennett, Frederick B. Finberg, Herbert H. Bennett & Associates, Portland, ME, for plaintiff.

Peter J. Brann, Dept. of the Atty. Gen., Augusta, ME, for defendant.

## ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

This matter is before the Court on Defendant State of Maine's Motion to Dismiss for lack of a justiciable case or controversy. The Court heard oral argument on this matter on June 23, 1993. After reviewing the complaint, motion to dismiss and accompanying memoranda, and considering the arguments of the parties, the Court is persuaded that the issues currently before the Court are nonjusticiable. Accordingly, Defendant's Motion to Dismiss is GRANTED.

### I. *Factual Background*

Plaintiff Interstate Food Processing Corporation ("IFPC") challenges the constitutionality of several Maine statutes relating to the hiring of replacement workers and. professional strikebreakers during labor disputes. The statutes Plaintiff seeks to overturn are 26 M.R.S.A. § 595(3) and (4) and § 851 *et seq.* IFPC asserts that it is in the midst of negotiating modifications to a collective bargaining agreement with production employees and that its ability to respond to a strike by hiring replacement workers from any available source is being unlawfully restricted by the statutes in question.

Defendant argues that IFPC has not alleged a case or controversy within the meaning of Article III of the Constitution and that the case should therefore be dismissed as non-justiciable. Defendant further argues

that even if this Court finds it does have jurisdiction, it should decline to exercise the discretionary authorization granted by the Declaratory Judgment Act, 28 U.S.C. § 2201.

IFPC counters that the lack of an active strike or lockout is not pertinent to the justiciability issue. The Court disagrees.

### II. *Discussion*

 It is fundamental that a court may only issue a declaratory judgment where there is an actual case or controversy within the meaning of Article III. *See Republic of Panama v. Lexdale, Inc.,* 804 F.Supp. 1521, 1523 (S.D.Fla.1992) (citations omitted). "To state a case or controversy under Article III plaintiffs must allege some threatened or actual injury which is real and immediate." *Pehrson v. Concannon,* 607 F.Supp. 589, 592 (D.Me.1985) (citations omitted). "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of a statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979) (citing *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974)). Applying these principles, the Court is persuaded that IFPC faces no immediate actual injury.[1]

IFPC has not unequivocally stated that it presently desires to hire replacement workers or professional strikebreakers. Further, even if IFPC hires replacement workers, it is not clear that it will do so in violation of the Maine statutes. Additionally, IFPC's unsubstantiated fear of prosecution for hypothetical violations of the Maine strikebreaker statutes is insufficient to make its constitutional claim ripe for adjudication. *See Canal Nat'l Bank v. Mills,* 405 F.Supp. 249, 255 (D.Me. 1975) (citations omitted).[2]

---

1. Counsel for IFPC indicated at oral argument that the IFPC employees' union recently voted to authorize the bargaining committee to strike when the committee deems such action appropriate. While this may bring IFPC one step closer to having a ripe controversy, the situation still does not present a concrete injury.

2. IFPC relies heavily on *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974). In *Super Tire,* the Supreme Court examined New Jersey public welfare regu-

lations which enabled workers engaged in an economic strike to obtain public assistance through state welfare programs. The Supreme Court examined the New Jersey regulations despite the fact that the labor dispute precipitating the case had ended. In examining whether the case was justiciable or moot, the Court held that the challenged governmental activity was not contingent and had not evaporated or disappeared. *Id.* at 122, 94 S.Ct. at 1698.

In the case at bar, no actual strike is or has taken place. The hiring of replacement workers

Because Plaintiff has not made a preliminary showing of *immediate* adverse effect from the Maine statutes in question, a determination of the scope and constitutionality of that legislation involves too remote and abstract an inquiry for the exercise of the judicial function. *See Int'l Longshoremen's & Warehousemen's Union v. Boyd*, 347 U.S. 222, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650 (1954) (citations omitted). Accordingly, Defendant's Motion to Dismiss for lack of justiciability is GRANTED.

SO ORDERED.

is merely a contemplation. Therefore, unlike *Super Tire*, the governmental activity challenged here can be seen as contingent. Further, unlike labor dispute cases evading review, this case can be litigated if allegations of actual injury come to fruition.