**HOULTON BAND OF MALISEET INDIANS, et al., Plaintiffs,**

v.

**TOWN OF HOULTON, Defendant.**

**Civ. No. 96–197–B.**

United States District Court, D. Maine.

Nov. 19, 1996.

Jon Haddow, Farrell, Rosenblatt & Russell, Bangor, ME, for Plaintiffs.

Daniel R. Nelson, Severson, Hand & Nelson, Houlton, ME, for Defendant.

## ORDER AND MEMORANDUM
## OF DECISION

BRODY, District Judge

Plaintiffs, the Houlton Band of Maliseet Indians (the Band) and the Houlton Band of

Maliseet Indians Tribal Housing Authority (the Housing Authority), request injunctive and declaratory relief from Defendant's, Town of Houlton (the Town), tax assessments and tax liens on properties allegedly owned by the United States in trust for the Band, and on land leased to the Housing Authority, including the improvements thereon. The Court granted Plaintiffs' request for a temporary restraining order on August 21, 1996. On September 9, 1996, Plaintiffs filed a Motion for a Preliminary Injunction. For the reasons set forth below, the Court holds that the properties in dispute here are in fact properties owned by the United States in trust for the Band and, as such, are exempt from taxation by the Town pursuant to 25 U.S.C. § 465. The Court further holds that the land leased to the Housing Authority, including the improvements thereon, is exempt from taxation pursuant to 25 U.S.C. § 465, 30–A M.R.S.A. § 4742(5), and 30–A M.R.S.A. § 4995. The Court therefore grants Plaintiffs' request for a preliminary injunction and declares that any and all tax assessments and tax liens issued by the Town on properties owned by the United States in trust for the Band are null and void. The Court further declares that any and all tax assessments and tax liens by the Town on land leased to the Housing Authority, including the improvements thereon, are null and void.

## I. DECLARATORY JUDGMENT

■ A federal court receives its authority to issue declaratory judgments from 28 U.S.C. § 2201. This statute states in pertinent part:

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. In order for a federal court to issue declaratory relief there must first exist "an actual case or controversy within the meaning of Article III." *Interstate Food Processing Corp. v. State of Maine,* 826 F.Supp. 24, 25 (D.Me.1993). Before a federal court may enter a declaratory judgment, therefore, it must first answer two questions: "(1) Is the issue 'fit for review'? and (2) What is the 'extent of hardship' for the plaintiff?" *Pew v. Scopino, et al.,* 904 F.Supp. 18, 31 (D.Me.1995) (quoting *Ernst & Young v. Depositors Economic Protection Corp.,* 45 F.3d 530, 535–36 (1st Cir.1995)).

■ The first question concerns "whether the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all." *Massachusetts Ass'n of Afro–American Police, Inc. v. Boston Police Dep't,* 973 F.2d 18, 20 (1st Cir. 1992). Plaintiffs' claim here involves certain and definite events that would have an immediate effect absent the Court's declaration of Plaintiffs' rights. The Town already has assessed taxes and issued tax liens upon Plaintiffs' properties and is ready to foreclose. This issue is fit for review. The second question, regarding the extent of hardship for the plaintiff, already has been answered by the Court in its Order of August 21, 1996, granting Plaintiffs' request for a Temporary Restraining Order. The Court acknowledged that Plaintiffs would suffer irreparable harm if the Temporary Restraining Order were not granted. (Order at 2). For the same reasons the Court holds that Plaintiffs likewise would suffer irreparable harm if the Court did not issue a declaratory judgment in Plaintiffs' favor. This case presents an actual case or controversy, supporting the issuance of a declaratory judgment.

## II. INDIAN LAND CLAIMS SETTLEMENT

■ The Secretary of the Interior (Secretary) is authorized to purchase lands for the purpose of providing them for Indians pursuant to 25 U.S.C. § 465. The Secretary has specific authority to purchase lands for the Band pursuant to 25 U.S.C. § 1724(d), provided the State of Maine approves by legislation such acquisition beforehand. The State of Maine, in 30 M.R.S.A. § 6205–A, approved the acquisition of land for the Band by the Secretary, subject to the approval of any

town in which land is purchased for the Band and other filing preconditions. *Id.* § 6205–A(1)(A), (B), (C). Among these filing preconditions is a requirement that the Secretary file with the Maine Secretary of State a certified copy of the deed, *id.* § 6205–A(1)(A), and a certified copy of the instrument creating the trust described in § 6208–A. *Id.* § 6205–A(1)(B).

Land purchased by the United States in trust for the Band pursuant to 25 U.S.C. § 465 is exempt from taxes. Nevertheless, the Band must make payments in lieu of taxes to the Town for any land that is owned by the United States in trust for the Band. 30 M.R.S.A. § 6208(2). On December 14, 1987, the Town approved the acquisition of land located in the Town by the United States in trust for the Band, subject to the condition that the Band agree to several provisions, one of which was that the Band make payments to the Town in lieu of taxes. (Pl's Complaint, Exhibit 1).

The Town argues that the land in issue here, upon which it assessed taxes and imposed tax liens, is not Indian trust land and, consequently, is not exempt from taxes. It alleges that the Band failed to comply with the filing preconditions established in 30 M.R.S.A. § 6205–A(1)(A), (B), and therefore the State of Maine never approved the deed purporting to establish ownership by the United States in trust for the Band. The Band contends that the Secretary did in fact file with the Maine Secretary of State a certified copy of the trust instrument in compliance with § 6205–A(1)(B), but admits that it does not possess evidence demonstrating that the Secretary filed a certified copy of the deed with the Maine Secretary of State pursuant to § 6205–A(1)(A). The Band argues, however, that the filing requirement is merely a ministerial act and the failure to comply with it should not affect the status of the land as Indian trust land. The Court agrees with the Band. The Secretary of State has no authority to reject or amend the Town's approval of land to be purchased as trust land. While the filing requirements are important to the extent that they provide notice to the rest of the world of the location of the trust land and the presence of a trust instrument, the Town does not allege that it has been prejudiced in this regard. To the extent that the Band has not complied with the filing requirements of § 6205–A(1)(A), (B), it shall do so expeditiously.[1] Its failure to comply with these requirements thus far, however, does not affect the status of the land as Indian trust land, which is exempt from taxes.

■ The Town further argues that the Band did not comply with § 6205–A(1)(C), which requires that the Town approve the acquisition of land before such acquisition occurs. As stated above, the Town approved the acquisition of land by the United States in trust for the Band. Nevertheless, the Town's approval was "on the condition precedent that [the Band] by and through their appropriate governing body duly authorized agrees" to certain provisions. The Town argues that because the Band never alleged in its Motion for Preliminary Injunction that it agreed to these provisions, the Town's approval is null and void. The Town's argument is without merit. On September 27, 1988, the Town, for consideration paid, granted to the United States in trust for the Band the land in issue here. The Town did not complain prior to its execution of this grant of land that the Band did not agree to the provisions in the approval. The Town must do more than point to the absence of an allegation in the Band's Motion for Preliminary Injunction that the Band did indeed agree to the provisions. Such an agreement may be inferred by the Town's willingness to grant the land to the United States in trust for the Band.

■ As stated previously, the Band is required to make payments in lieu of taxes. The Town alleges that the Band has failed to make such payments. Therefore, the Town argues that even if the Town approved the sale of land to the United States in trust for the Band, such approval is effectively revoked and the status of the land as trust land

---

1. The Court orders that the filing requirements of § 6205–A(1)(A), (B) be complied with within 20 days of the issuance of this judgment and Order.

is rescinded. The Court rejects this argument. There is no provision in the Town's approval of the grant of land that the failure of the Band to make payments in lieu of taxes revokes the Town's approval. The Court holds that the Band's alleged failure to make such payments is not fatal to its case. The Court declares, however, that the Band's obligation to make payments in lieu of taxes must be satisfied, and to the extent that such payments are due, the Court orders the Band to make them.[2]

■ The Town contends that the presence of the section entitled "Other remedies" in 30 M.R.S.A. § 6208–A(4) provides the Town with the ability to levy taxes on Indian trust land if the Indian Band does not make payments in lieu of taxes. The statute provides that "[t]he existence of the Houlton Band Tax Fund as a source for the payment of Houlton Band of Maliseet Indians' obligations shall not abrogate any other remedy available to a governmental entity for the collection of taxes, payments in lieu of taxes and fees...." 30 M.R.S.A. § 6208–A(4). The Town argues that the presence of the word "taxes" in addition to "payments in lieu of taxes" suggests that not all lands that are owned by the United States in trust for the Band are tax exempt. The Town's reliance on this statute is misplaced. The Band's property is tax exempt pursuant to 25 U.S.C. § 465. Further, 30 M.R.S.A. § 6208(2) states that "the Houlton Band of Maliseet Indians shall make payments in lieu of taxes on Houlton Band Trust Land...." 30 M.R.S.A. § 6208(2). While Indians may be liable for taxes, see 30 M.R.S.A. § 6208(3), there is nothing that suggests that the Band's property at issue here is subject to taxes. The Court rejects the Town's argument.

The remainder of the Town's arguments can be dismissed summarily. First, the Town argues that the Band failed to claim the Town approved the grant of every parcel of land at issue in this action. It directs the Court to the Band's Complaint, which states

that "[the Town] adopted a resolution approving the acquisition of *certain property* in Houlton as Trust Lands." (Complaint, ¶ 22) (emphasis added). The Town's interpretation of the Band's Complaint is not persuasive. The Band sufficiently alleged that the Town approved the acquisition of all land that is in issue here. Second, the Town argues that the Band's failure to make payments in lieu of taxes as required by the Maine Implementing Act, 30 M.R.S.A. § 6208(2), means that the Band did not comply with the terms of state approval, which is required by federal law. 25 U.S.C. § 1724(d). For the reasons stated above, failure of the Band to make payments in lieu of taxes is not determinative. Whereas nothing in this Order should be construed to suggest that the Band is relieved of its duty to make payments in lieu of taxes, failure of the Band to do so does not affect the State's approval of the grant.

## III. TRIBAL HOUSING AUTHORITY

■ Under the Maine Housing Authority Act, property of a housing authority is exempt from taxes. 30–A M.R.S.A. § 4742(5). The Act, including the exemption from taxes, applies to tribal housing authorities. 30–A M.R.S.A. § 4995. An ordinance adopted by the Band's Tribal Council on April 22, 1988, established the Houlton Band of Maliseet Indians Tribal Housing Authority (Housing Authority). On April 1, 1991, the Band leased to the Housing Authority a certain portion of the property owned by the United States in trust for the Band. According to the lease, all improvements to the property remain the property of the Housing Authority until the expiration of the lease.

The Town argues that the Band's property is not trust land that is exempt from taxes. The land on which the Housing Authority is situated is the Band's property. The Town contends that such land is subject to taxes. The Court rejects this argument. The property on which the Housing Authority is locat-

---

2. In its Counterclaim dated September 10, 1996, the Town asked the Court to enter judgment against the Band in the amount of $188,048.23, plus interest and cost, for the payment in lieu of taxes the Town claims is due. The Town did not provide the Court with specific details demonstrating why it is entitled to receive $188,048.23, or if in fact it is due any payments at all. Accordingly, the Court dismisses the Town's Counterclaim without prejudice.

ed is Indian trust land that is exempt from taxes pursuant to 25 U.S.C. § 465. Further, the Housing Authority itself is properly organized pursuant to 30–A M.R.S.A. § 4995, which limits, in part, the exercise of power of tribal housing authorities to "trust land of the Houlton Band of Maliseet Indians." 30–A M.R.S.A. § 4995. Since the land in question is trust land of the Houlton Band of Maliseet Indians, and since the Maine Housing Authority Act applies to tribal housing authorities, improvements made on Housing Authority property are also exempt from taxes under 30–A M.R.S.A. § 4742(5).[3]

### IV. CONCLUSION

The Court grants Plaintiffs' Motion for a Preliminary Injunction and further declares that the property in question is owned by the United States in trust for the Houlton Band of Maliseet Indians. Therefore, the land, including all improvements thereon, as more fully described in the warranty deed from Ralph E. Longstaff and Justina Longstaff to the United States in trust for the Houlton Band of Maliseet Indians dated September 27, 1988, recorded in the Southern District of Aroostook County Registry of Deeds in Book 2144, Page 198, is exempt from state and local taxation. Any and all tax assessments by the Town on properties owned by the United States in trust for the Houlton Band of Maliseet Indians are null and void. Any and all tax liens filed by the Town on properties owned by the United States in trust for the Houlton Band of Maliseet Indians are null and void. The land leased to the Houlton Band of Maliseet Indians Tribal Housing Authority, including the improvements thereon, is exempt from taxation. Any and all tax assessments or tax liens by the Town on properties leased to the Housing Authority, including the improvements thereon, are null and void. To the extent that the Houlton Band of Maliseet Indians and the Houlton Band of Maliseet Indians Tribal Housing Au-

thority owe payments in lieu of taxes to the Town of Houlton, the Court orders them to make such payments. The Court further orders that the filing requirements of 30 M.R.S.A. § 6205–A(1)(A), (B) be complied with within twenty days of the issuance of this judgment and Order.

*SO ORDERED.*

---

**3.** The Housing Authority is required to make certain payments in lieu of taxes pursuant to 30–A M.R.S.A. § 4742(4). The Court orders the Housing Authority to make such payments that it owes the Town, if at all. If the Housing Authority does not make such payments to which the Town alleges it is entitled, the Town may request that the Court enter judgment against the Housing Authority for that amount. In such an action, the Town must allege specific facts from which the Court could conclude the Town is entitled to recover the amount that it claims is due.